# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHOCOLATE MAGIC LAS VEGAS, LLC,

    Plaintiff(s),

vs.

BLAIR ELLIOT FORD, JR., et al.,

    Defendant(s).

Case No. 2:17-cv-00690-GMN-NJK

ORDER

On March 29, 2017, Defendant Wix-Ingling filed an answer. Docket No. 14. On April 17, 2017, Defendant Ford filed a motion to dismiss. Docket No. 21. The remaining two defendants have not yet appeared. Pursuant to the local rules, the deadline for filing a discovery plan was May 13, 2017. *See* Local Rule 26-1(a). When no discovery plan was filed by that date, the Court ordered the parties to file a discovery plan or to file a status report explaining why one should not be filed. Docket No. 31. The parties have now filed a status report indicating that discovery is stayed in light of Defendant Ford's motion to dismiss because it was brought pursuant to Nevada's Anti-SLAPP statute. *See* Docket No. 35 (discussing N.R.S. 41.660(3)(e)(1)).

The Court hereby **ORDERS** the parties to file, no later than June 1, 2017, a supplement addressing the following: (1) as a general matter, whether the stay provision cited applies to diversity

cases in federal court;[1] (2) if so, whether federal courts have created any exceptions to that stay requirement based on the circumstances of a particular case; and (3) whether the stay provision cited mandates a stay of discovery against non-moving defendants who have answered the complaint. To the extent the parties agree on these issues, they may file a joint response. Otherwise, they shall file separate responses. In either event, the response(s) shall not exceed five pages.

IT IS SO ORDERED.

DATED: May 25, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court is aware that there is debate among Ninth Circuit judges as to whether it should reconsider its precedent that state anti-SLAPP laws should be applied by federal courts sitting in diversity as a general matter. *See, e.g.*, *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1182-86 (9th Cir. 2016) (Kozinki, J., concurring) (arguing that state anti-SLAPP laws should not apply under *Eerie*, but finding panel bound by previous decisions to the contrary); *id.* at 1186 (Gould, J., concurring) (same). The undersigned is seeking only the parties' positions as to whether the Nevada stay provision in particular must be applied in federal diversity cases. *Cf. Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 801-02 (9th Cir. 2012) (despite recognizing the parallel provision that discovery must be stayed pending any appeal from the ruling on the motion to dismiss, finding that immediate appeal of order denying motion to dismiss was improper and that any harm in proceeding with the case could be redressed through an award of costs and fees).