**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| CHOCOLATE MAGIC LAS VEGAS LLC, | Case No. 2:17-cv-00690-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART COUNTER-DEFENDANT'S MOTION TO DISMISS** |
| BLAIR ELLIOT FORD, JR.; CINDY WIX-INGLING; NORMAN VIDA; and ALICE KELLEY, | (ECF No. 27) |
| Defendants. | |
| CINDY WIX-INGLING, | |
| Counter-Claimant, | |
| v. | |
| CHOCOLATE MAGIC LAS VEGAS LLC; DINO DICIENZO; and DOUGLAS BIRRELL, | |
| Counter-Defendants. | |

Chocolate Magic Las Vegas LLC (Chocolate Magic) sued its former employee Cindy Wix-Ingling, among others, for her actions as an employee at Hershey's Chocolate World Las Vegas. Wix-Ingling filed counterclaims alleging six causes of action. Chocolate Magic moves to dismiss three of those counterclaims alleging intentional infliction of emotional distress (IIED); negligent hiring, training, and supervision; and abuse of process. ECF No. 27. Wix-Ingling stipulates to the dismissal without prejudice of the IIED and abuse of process claims.

Chocolate Magic argues that Wix-Ingling's negligence claim must be dismissed, as she does not allege she suffered any physical harm. Wix-Ingling responds that physical harm is not a necessary element of her claim under Nevada law.

I grant the motion in part and dismiss the claims for IIED and abuse of process. While the Supreme Court of Nevada has not yet ruled on whether there is a physical harm requirement to state a claim for negligent hiring, training, and supervision, I predict there is no such requirement under Nevada law. Therefore, I deny the motion to dismiss the claim for negligent hiring, training, and supervision.

## I. BACKGROUND

Chocolate Magic hired Douglas Birrell as an outside consultant. ECF No. 14 at 30. Wix-Ingling alleges that Birrell insisted she repurpose bulk candy waste in order to boost profits. *Id.* She further alleges that Birrell brought up the concern about the expense of bulk waste to an agent of The Hershey Company, who responded that the bulk waste could not be reused. *Id.* at 31. Nonetheless, Birrell allegedly continued to demand that Wix-Ingling repurpose the bulk waste. *Id.* Wix-Ingling and others complained to human resources "about the treatment they were receiving from" Birrell and others but apparently no action was taken. *Id.* at 31–32. Wix-Ingling alleges that Birrell continued to pressure her, creating "intolerable work conditions" that forced her to resign. *Id.* at 32.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Chocolate Magic moves to dismiss the negligence claim, arguing that Wix-Ingling did not allege she suffered any physical harm. Wix-Ingling replies that the question of whether physical

harm is required has not yet been determined in Nevada. She argues that other courts in this district have not required physical harm to state a claim of negligent hiring, training, and supervision, and so I should not do so here.

The Supreme Court of Nevada has not yet determined whether a physical injury is necessary to state a claim for negligent hiring, training, and supervision. In the absence of controlling state law, I must predict how that court would decide the issue. *See Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

One court in this district has held that a physical injury is required. *See Hall v. Raley's*, No. 3:08-cv-00632-RCJ-VPC, 2010 WL 55332, at *9 (D. Nev. Jan. 6, 2010) (relying on Restatement (Second) of Torts sections on punitive damages against a principal for the actions of its agent and negligent infliction of emotional distress to predict that Nevada courts would require physical harm to state a claim for negligent hiring, training, and supervision); *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F. Supp. 2d 1185, 1201–02 (D. Nev. 2011) (reiterating ruling in *Raley's*). But in the most recent cases in this district addressing this question, the courts have refused to require a showing of physical harm to state a claim. *See Richardson v. HRHH Gaming Senior Mezz, LLC*, 99 F. Supp. 3d 1267, 1278 (D. Nev. 2015) (denying a motion to dismiss on the grounds of a failure to allege physical harm and noting numerous courts in the District of Nevada have not required an allegation that the plaintiff suffered physical harm); *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 n.4 (D. Nev. 2013) (noting the Supreme Court of Nevada has not yet addressed this question but that the majority approach, including California law, does not require physical harm).

California, which has not required physical harm to state a claim for negligent training and supervision, follows the rule stated in Restatement (Second) of Agency § 213. *Delfino v. Agilent Techs., Inc.*, 52 Cal. Rptr. 3d 376, 397 (Cal. Ct. App. 2006) (analyzing a claim brought in response to threatening emails allegedly causing only emotional harm). Section 213 states that a "person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless" in hiring, training, and supervising those

servants or other agents.[1]  Although "harm" is not defined in the Restatement, comment a to § 213 notes that it is a "special application of the general rules stated in the Restatement of Torts." *Id.* cmt. a.  In the Restatement (Second) of Torts, "harm" is defined as "the existence of loss or detriment in fact of any kind to a person resulting from any cause." Restatement (Second) of Torts § 7(2).  It is defined separately from "physical harm." *See id.* § 7(3).  Furthermore, comment b to § 7 states that harm is defined as including "the detriment resulting to [a person] from acts or conditions which impair his physical, emotional, or aesthetic well-being, his pecuniary advantage, his intangible rights, his reputation, or his other legally recognized interests." *Id.* § 7 cmt. b.

The Supreme Court of Nevada explored Restatement (Second) of Torts § 7 in *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264 (Nev. 2014), analyzing the injury requirement in Nevada tort law and holding that a plaintiff can state a claim for negligence with a remedy of medical monitoring without asserting a current physical injury.  In that case, the court noted the lack of "any Nevada authority specifically requiring a party to allege a physical injury in order to state a negligence claim," and stated that the "differing definitions [of "harm" and "physical harm"] indicate that they are not interchangeable, and more, that injury is generally not limited to physical injury." *Id.* at 1269.[2]

Given persuasive California and Restatement authority, and the analysis of the Supreme Court of Nevada in *Sadler*, I predict that physical harm is not necessary to state a claim for negligent training and supervision in Nevada.  Therefore, I deny the motion to dismiss this claim.

---

[1] The Supreme Court of Nevada has cited the Restatement (Second) of Agency as an authoritative source. *See, e.g.*, *Anderson v. Mandalay Corp.*, 358 P.3d 242, 247 (Nev. 2015); *Viega GmbH v. Eighth Judicial Dist. Court*, 328 P.3d 1152, 1158–59 (Nev. 2014).

[2] This counters the reasoning relied on in Minnesota (one of the states with a physical harm requirement). *See Bruchas v. Preventive Care, Inc.*, 553 N.W.2d 440, 443 (Minn. Ct. App. 1996) (relying on *Ponticas v. K.M.S. Invs.*, 331 N.W.2d 907, 911 (Minn. 1983), which stated liability under § 213 is predicated on the foreseeability of a "threat of injury to others").  In contrast, the Supreme Court of Iowa held that a "plain reading" of § 213 "reveals no requirement that an injured party must sustain physical injury to recover" under negligent training and supervision. *Kiesau v. Bantz*, 686 N.W.2d 164, 172 (Iowa 2004), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016).

### III. CONCLUSION

IT IS THEREFORE ORDERED that Chocolate Magic's motion to dismiss **(ECF No. 27)** is **GRANTED IN PART and DENIED IN PART.** Wix-Ingling's claims for intentional infliction of emotional distress and abuse of process are dismissed without prejudice.

DATED this 17th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE